UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEVON OKEELE COOTE,

     Petitioner,

v.                                          Case No: 2:18-cv-579-FtM-38MRM

UNITED STATES OF AMERICA,

     Respondent.
_____/

### ORDER[1]

Petitioner Shevon Okeele Coote, proceeding *pro se*, has filed a motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255 constructively filed on August 23, 2018.[2] (Doc. 1). The motion challenges Coote's conviction and sentence in the corresponding criminal case that the undersigned heard. *See United States v. Shevon Okeele Coote*, No. 2:16-cr-46-FtM-38MRM. Upon consideration of the § 2255

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Clerk received and docketed Petitioner's § 2255 motion on August 27, 2018. Under the "mailbox rule," a prisoner's motion is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Because the motion does not contain a date-stamp indicating the date Petitioner delivered the motion to prison officials, the Court deems the date of filing to be August 23, 2018, the date Petitioner certifies he placed the motion in the prison mailing system. (*See* Doc. 1 at 12).

motion and per the *Rules Governing Section 2255 Cases for the United States District Courts*, it is **ORDERED:**

1. On or before **February 4, 2019**, the Government must file an initial response to Petitioner's motion that indicates why the relief sought in the motion should be denied.

2. As part of the response required by paragraph one of this Order, the Government must also do the following:

    a. State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

    b. Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial response, but in no case later than thirty (30) days after the filing of the initial response;

    c. Summarize the results of any direct appellate relief sought by Petitioner to include citation references and copies of appellant and appellee briefs from every appellate proceeding;[3] and

    d. Provide a detailed explanation of whether the motion was filed within the one-year limitation period set forth in 28 U.S.C. § 2255. **If Respondent concludes that the petition was not filed within the limitation period, a limited response may be filed attaching only those portions of the record necessary to support the conclusion that the petition was not timely filed.**

3. In the future, Petitioner must mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an

---

[3] The Government must also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government must indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. *See Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). If any of the claims were raised on direct appeal, the Government must indicate whether it waives the defense concerning the re-litigation of claims that were previously raised and disposed of on direct appeal. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

accurate copy was mailed, to the Assistant U.S. Attorney assigned to this case and listed on the docket.

4. Petitioner must advise the Court of any change of address. **Failure to do so may result in the case being dismissed for failure to prosecute.**

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of October 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record
U.S. Attorney's Office